Rozan Pavenyouma, *Appellant,*

vs.

Loren A. Goldtooth, *Appellee.*

Decided November 13, 1984

## OPINION

*Review of Appeal by Chief Justice Nelson J. McCabe.*

*Michael V. Stuhff, Esq., for Appellant, Flagstaff, Arizona and Genevieve K. Chato, Esq., for Appellee, Fort Defiance, Navajo Nation (AZ).*

Appellant and appellee were divorced on December 7, 1981. The issue of custody of the five minor children of the marriage was reserved. Appellant had been given temporary custody of the children on November 23, 1981, and custody was continued with her pending a permanent order. On February 8, 1982, the trial court amended its custody order to give joint temporary custody to both parties with primary custody in the mother. On April 21, 1982, the trial court awarded the parties permanent joint custody of the minor children and directed the parties to prepare a joint custody plan. The parties were unable to agree upon a plan for implementation of joint custody and each party submitted a separate proposal to the trial court. By order dated September 16, 1983, the trial court without further proceedings or hearings on the matter, made a split custody award of the minor children. Appellant was given custody of LaVerne and Lynette and appellee was given custody of Loretta, Loren and Lorayne. Neither party was ordered to pay child support but the appellee was ordered to provide medical and dental coverage for the children and to pay one-half the extraordinary expenses of LaVerne and Lynette.

The oldest child of the parties was born October 29, 1973, and the youngest was born October 11, 1980. The father is Navajo and the mother is Hopi. All the children are enrolled or are eligible to be enrolled in the Navajo Tribe. The father resides in Phoenix but maintains close family ties with his relatives in Tuba City. The mother resides in Moencopi, Arizona.

Throughout the custody proceedings the trial court made extensive efforts to inform itself by way of social service investigations, financial statements and medical reports. The trial court found that both parents were fit and proper persons to have custody and that both parents maintained good relationships with the children.

This case came before the Court of Appeals on the question of whether the trial court abused its discretion in the award of split custody and whether there was an abuse of discretion on the award of child support.

## Child Custody

The Court finds that the joint custody award by Order dated April 21, 1982, was a permanent and not a temporary order.

Although the joint custody order of April 21, 1982, left open for future determination by the parties particulars as to the implementation of the joint custody and although the trial court specifically reserved the right to approve or disapprove the parties' plan of implementation, there is no indication that the issue of the type of custody was open for further debate. The Order read in its entirety is quite clear that the parties were awarded joint custody and that the manner in which physical custody would be determined was the only issue reserved for future consideration. This is much the same situation as granting the divorce but reserving certain issues such as custody and child support.

The Court further finds that the subsequent order of September 16, 1983, providing for split custody was improper. The split custody award was in effect a modification of the prior joint custody award. This court has previously set forth the procedure which must be followed when a modification of a custody order is sought. This procedure requires that a motion for a modification be filed with proper service upon the opposing party; that the motion set forth facts showing a change of circumstances and state reasons why a modification of custody is in the best interests of the child; that a hearing be had; that the moving party show a substantial change in circumstances since the last custody order; and that the court find that the change in custody is in the best interests of the child. *Lente v. Notah*, 3 Nav. R. 72 (1982).

The trial court was apparently of the opinion that joint custody could only be ordered in those situations where the parties can reach agreement on the details of a shared custody arrangement. Parental assistance and cooperation in the implementation of joint custody is certainly the preferred atmosphere but we cannot hold that the courts are always precluded from making a joint custody order in the absence of complete parental cooperation. In this particular case the trial court had extensive contact with and information about the parties and in its discretion determined that the situation was conducive

to joint custody. It would have been proper for the trial court to have proceeded to make an order establishing the details of such custody arrangements. Joint or shared custody is a relatively new legal concept not only in the Navajo Courts but in the country as a whole. Until such time as divorcing parents become aware of the flexibility of such concept and of how they can participate in determining vital issues concerning their children, the courts may have to provide a great amount of guidance. Such guidance is not contrary to the principles of joint custody:

Much of the research described and summarized in this book supports the conclusion that the best interest of the child is served by the continued involvement of both parents in the post-divorce life of the child. Put another way, it appears that divorces having the least detrimental effect on the normal development of children are those in which the parents are able to cooperate in their continuing parental roles. Parental cooperation cannot be easily ordered or legislated, but it can be professionally, judicially, and statutorily encouraged and enclosed. "Winner take all" sole custody resolutions tend to exacerbate parental differences and cause predictable post-divorce disputes as parents try to strike back and get the last word. Joint or shared parenting following divorce is an appealing alternative. Jay Folberg, *Joint Custody and Shared Parenting* 9 (1984).

Although the propriety of joint or shared custody per se is not at issue before this Court, the Court has read and been informed by the Opinion and Order of the trial court of April 21, 1982, wherein Judge Tso, the trial court judge, has presented a brilliant analysis of the relationship between the principles of joint custody and traditional Indian family modes. In that opinion, which is reported at 3 Nav. R. 223, 226 (1982), Judge Tso states:

. . .you cannot separate native peoples from their culture and tradition. This court takes judicial notice of the fact that in Navajo culture and tradition children are not just the children of the parents but they are children of the clan. In particular children are considered members of the mother's clan. While that fact could be used as an element of preference in a child custody case, the court wants to point out that the primary consideration is the child's strong relationship to members of an extended family. Because of those strong ties, children frequently live with various members of the family without injury. This is the condition throughout Indian Country (as Indian reservations as a whole are called). Therefore the court looks to that tradition and holds that it must consider the entire extended family in order to make a judgment based upon Navajo traditional law.

This approach is in harmony with modern trends in child psychology as well. It is interesting to note that the Anglo-European society is increasingly discovering ways which we have known for centuries.

Having found that the order of April 21, 1982, was a permanent order and that the proper procedures for modifying that order were not followed, the

Court is now in the position of the trial court on April 21, 1982; that is, there is a joint custody award with no guidelines to the parties as to how the joint custody is to be implemented.

The Court may either remand the issue for further proceedings or may in the interests of justice and disposing of the matter, modify the order so as to do justice to the parties. Considering the length of time the matter has been pending, the Court finds that it is in the best interests of the parties and the minor children that litigation in this matter come to an end.

The Court therefore makes the following orders regarding custody of the minor children of the parties:

1. Appellant and appellee are awarded joint custody.

2. The minor children shall reside with appellant during the school year.

3. The minor children shall reside with appellee during the summer vacation from school.

4. Each parent shall have liberal access to and visitation with the children during the periods of time the children are not residing with that parent. All visitation is to be by prior arrangement between the parties.

5. The parent with whom the children are residing or currently with shall be responsible for daily care and shall make necessary decisions regarding emergency medical or dental care.

6. All major decisions regarding the children's education, religious training, cultural and artistic training, non-emergency health treatment, and general welfare shall be made by both parents together.

7. Each parent shall encourage the minor children to love and respect the other parent and shall encourage close ties with both maternal and paternal relatives.

8. Neither parent shall change the Arizona residence of the minor children without notification to the other parent.

9. Neither parent shall change the residence of the minor children to a location outside the state of Arizona without prior written consent of the other parent.

## Child Support

Under the split custody decision of the trial court, there was no abuse of discretion in the failure to award child support to either party. Under the provisions of joint custody as set forth above, however, the Court finds that some provision should be made to help defray the costs to appellant of having the children residing with her the greater portion of the year and of providing for the children during the winter months when heavier clothing is needed. The Court makes the following orders regarding child support:

1. Appellee shall pay to the appellant as and for child support the sum of $100.00 per month per child for the nine months of September through May.

2. Appellant shall provide medical and dental coverage for the minor children.

3. The parties shall bear equally the costs of any medical or dental bills for the minor children not covered by insurance.

4. So long as the parties comply with this order, the appellant shall claim two children as dependents for Federal Income Tax purposes and the appellee shall claim three children as dependents.

It is further ORDERED that the above custody and support provisions shall become effective immediately.